1 | Tharan Gregory Lanier (SBN 138784)
2 | Gregory L. Lippetz (SBN 154228)
  | Jane L. Froyd (SBN 220776)
3 | JONES DAY
  | 1755 Embarcadero Road
4 | Palo Alto, CA 94303
  | Telephone: 650-739-3939
  | Facsimile: 650-739-3900
5 | tglanier@jonesday.com
  | glippetz@jonesday.com
6 | jfroyd@jonesday.com

7 | Attorneys for Defendants
  | DIEBOLD INC. and PREMIER ELECTION
8 | SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIFEX SOFTWARE INC., | Case No. C 08-04837 SC |
| Plaintiff, | **DEFENDANT DIEBOLD INC.'S FRCP 12(B)(6) MOTION TO DISMISS PLAINTIFF'S CLAIM AGAINST DIEBOLD INC.** |
| v. | |
| DIEBOLD INC., an Ohio corporation, and PREMIER ELECTION SOLUTIONS, INC., a Delaware corporation, | Date: March 6, 2008<br>Time: 10:00 a.m.<br>Courtroom: 1, 17th Floor<br>Judge: Hon. Samuel Conti |
| Defendants. | |

**TO PLAINTIFF ARTIFEX SOFTWARE INC. AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on March 6, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Diebold Inc. ("Diebold") by its undersigned counsel, will and hereby does move the Court, pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff Artifex Software Inc.'s ("Plaintiff") claim for copyright infringement against Diebold.

Specifically, Diebold requests that the Court dismiss the copyright claim against it pursuant to Rule 12(b)(6) because Plaintiff has failed to state a claim for either direct or vicarious

1  copyright infringement against Diebold.  Diebold's motion is based on this Notice, the
2  accompanying Memorandum of Points and Authorities, and such further argument that may be
3  presented at or before the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUE

6  Whether this Court must dismiss Plaintiff's copyright claim against Defendant Diebold
7  because Plaintiff failed to state a claim for either direct or vicarious copyright infringement
8  against Diebold.

### II. STATEMENT OF FACTS

10  On October 22, 2008, Plaintiff filed an action for copyright infringement against Diebold
11  and Premier Election Solutions, Inc. ("Premier") (collectively "Defendants").  *See* Complaint at 7.
12  In its complaint, Plaintiff states that it owns federal copyright registrations for a software program
13  known as "Ghostscript."  *See id.* at ¶¶ 13, 24.   Plaintiff claims that its copyrights in Ghostscript
14  have been infringed through modification, copying, and distribution of Ghostscript, or a
15  derivative work thereof "in conjunction" with certain commercial voting systems into which
16  Ghostscript has been integrated. *Id.* at ¶¶ 20, 25.  Plaintiff acknowledges that it is Defendant
17  Premier who manufactures the commercial voting systems at issue.  *See id.* at ¶ 17.  The only fact
18  that Plaintiff alleges which connects Diebold to the allegedly infringing commercial voting
19  systems is the fact that Premier is a wholly owned subsidiary of Diebold.  *See id*. at ¶¶ 8, 17.

### III. ARGUMENT

21  Plaintiff has failed to identify any infringing conduct by Diebold, under either a theory of
22  direct copyright infringement or a theory of vicarious copyright infringement.  Accordingly,
23  Plaintiff has failed to state a claim upon which relief can be granted and this Court must dismiss
24  the complaint as to Defendant Diebold.

25  **A.    Plaintiff Failed to State a Claim for Direct Copyright Infringement Against
26            Diebold.**

27  Plaintiff fails to adequately plead direct infringement because it fails to allege a single
28  specific act of infringement by Diebold.  To succeed on a claim for direct copyright infringement

under the Copyright Act, a plaintiff must prove, "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, (1991)); *see also A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). A plaintiff must allege, *inter alia*: "(1) the specific original work that is the subject of the copyright claim; (2) that the plaintiff owns the copyright on the work; (3) that the work in question has been registered in compliance with the statute; and (4) *by what acts and during what time the defendant has infringed the copyright.*" *Fonovisa, Inc. v. Cherry Auction, Inc.*, 847 F.Supp. 1492, 1495 (E.D.Cal. 1994) (emphasis added) (citing *Klinger v. Weekly World News, Inc.*, 747 F. Supp. 1477 (S.D.Fla. 1990)), *rev'd in part on other grounds,* 76 F.3d 259 (9th Cir. 1996); *see also Broadvision Inc. v. General Electric Co.*, No. 08 Civ.1489 (WHP), 2008 WL 4684114, at *2 (S.D.N.Y. Oct. 15, 2008) (dismissing copyright claims against a parent corporation because plaintiff failed to plead any acts of infringement by the parent). Here, Plaintiff has failed to allege any acts of infringement by Diebold, and has failed to allege any time period in which any such acts occurred.

Merely alleging a corporate relationship between one entity and another entity whose products are allegedly infringing is not adequate to plead a case of direct copyright infringement (or even vicarious copyright infringement). *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1554 (9th Cir. 1989) (reiterating holding in an earlier decision that "[a] parent corporation cannot be held liable for the infringing actions of its subsidiary unless there is a substantial and continuing connection between the two with respect to the infringing acts"); *Goes Lithography Co. v. Banta Corp.*, 26 F. Supp. 2d 1042, 1045 (N.D.Ill. 1998) (same); *Banff Ltd. v. Limited, Inc.*, 869 F. Supp. 1103, 1108-09 (S.D.N.Y. 1994) (relying on *Frank Music* and stating that "there must be indicia beyond the mere legal relationship showing that the parent is actually involved with the decisions, processes, or personnel directly responsible for the infringing activity"); *Dauman v. Hallmark Card, Inc.*, No. 96 Civ. 3608(JFK), 1998 WL 54633, at *6 (S.D.N.Y. Feb. 9, 1998) (holding that "the legal relationship between a parent and its subsidiary is insufficient to state a claim for copyright infringement against the parent").

1  Here, Plaintiff's complaint contains nothing more than mere allegations of corporate
2  relationships that are insufficient to subject Diebold to potential liability. Plaintiff contends that
3  its copyrights in Ghostscript are being infringed through modification, copying, and distribution
4  of Ghostscript, or a derivative work thereof, in conjunction with certain commercial voting
5  systems into which Ghostscript has been integrated. Complaint at ¶¶ 20, 25. It acknowledges
6  that it is Defendant Premier who is the manufacturer of these commercial voting systems and that
7  Diebold is simply the parent corporation of Premier. *See id.* at ¶¶ 8, 17. While Plaintiff does
8  thereafter lump the two defendants together and makes statements concerning "Defendants' (in
9  the plural) commercial voting systems," Plaintiff does not allege any facts that specifically
10 connect Diebold to these commercial voting systems or that otherwise specify by what acts
11 Defendant Diebold directly infringed the Ghostscript copyrights. Therefore, because Plaintiff
12 fails to allege any specific acts by which Defendant Diebold allegedly infringed the Ghostscript
13 copyrights, it fails to allege a direct infringement claim against Diebold and this claim must be
14 dismissed.

15 **B.  Plaintiff Failed to State a Claim for Vicarious Copyright Infringement**
16 **Against Diebold**

17 Plaintiff also fails to adequately plead vicarious copyright infringement. A plaintiff
18 cannot sustain a claim for vicarious copyright infringement unless it alleges a right to supervise
19 and a direct financial interest in the outcome of the infringing activity. "To state a claim for
20 vicarious copyright infringement, a plaintiff must allege [in addition to infringement of its
21 copyright by a third party] that the defendant has (1) the right and ability to supervise the
22 infringing conduct and (2) a direct financial interest in the infringing activity." *Perfect 10, Inc. v.*
23 *Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007) *citing Ellison v. Robertson*, 357 F.3d
24 1072, 1078 (9th Cir. 2004) and *A & M Records*, 239 F.3d at 1022; *see also Frank Music*, 886 F.2d
25 at 1554; *Broadvision*, 2008 WL 4684114 at *3; *Banff Ltd.,* 869 F. Supp. at 1108-09. Again,
26 however, merely alleging a parent-subsidiary relationship is not sufficient. *See Frank Music*, 886
27 F.2d at 1554; *Goes Lithography*, 26 F. Supp.2d at 1045; *Banff Ltd.*, 869 F. Supp. at 1108-09;
28 *Dauman*, 1998 WL 54633, at *6. A complaint that fails to plead these required elements must be

dismissed under Rule 12(b)(6). *See e.g. Goes Lithography Co.*, 26 F. Supp. 2d at 1045 (dismissing vicarious copyright infringement claim against a parent corporation where plaintiff's sole basis for claim was the parent/subsidiary relationship).

Plaintiff does not plead either of the required elements to sustain a claim for vicarious infringement against Diebold. First, Plaintiff fails to allege that Diebold had any right or ability to supervise the allegedly infringing conduct. Second, Plaintiff fails to allege that Diebold had a direct financial interest in any alleged infringement by Premier. All that Plaintiff pleads as to Diebold is that Premier is its wholly owned subsidiary. This is simply not enough.

## IV. CONCLUSION

Plaintiff's complaint is completely devoid of any specific factual allegation that Diebold committed any potentially infringing acts. The law requires that Artifex plead more than simply a parent-subsidiary relationship before Diebold can be held accountable for any alleged wrongdoing. Accordingly, because Plaintiff fails to allege a copyright infringement claim against Diebold, its claim against Diebold must be dismissed.

Dated: January 30, 2009            Respectfully submitted,

Jones Day

By:   /S/ Gregory L. Lippetz
      Gregory L. Lippetz

Counsel for Defendants
DIEBOLD INC. and PREMIER ELECTION SOLUTIONS, INC.