Tharan Gregory Lanier (SBN 138784)
Gregory L. Lippetz (SBN 154228)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: 650-739-3939
Facsimile: 650-739-3900
tglanier@jonesday.com
glippetz@jonesday.com
jfroyd@jonesday.com

Attorneys for Defendants
DIEBOLD INC. and PREMIER ELECTION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIFEX SOFTWARE INC., <br><br> Plaintiff, <br><br> v. <br><br> DIEBOLD INC., an Ohio corporation, and PREMIER ELECTION SOLUTIONS, INC., a Delaware corporation, <br><br> Defendants. | Case No. C 08-04837 SC <br><br> **DEFENDANT PREMIER ELECTION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO ARTIFEX SOFTWARE INC.'S COMPLAINT** |

Premier Election Solutions, Inc. ("Defendant" or "Premier") answers and responds to Plaintiff's complaint as follows:

**ANSWER**

1. In response to paragraph 1, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 concerning ownership or licensing of software by Artifex Software Inc. ("Artifex"), and on that basis denies them. Defendant further denies all other allegations of paragraph 1.

2. Defendant admits the allegations of paragraph 2.

3. In response to paragraph 3, Defendant admits that this Court has personal jurisdiction over the parties in this action, but otherwise denies the allegations of paragraph 3.

1    4.    Defendant admits the allegations of paragraph 4.

2    5.    Defendant denies the allegations of paragraph 5.

3    6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and on that basis denies them.

5    7.    Defendant admits the allegations of paragraph 7.

6    8.    In response to paragraph 8, Defendant admits that it is a Delaware corporation and that it is a wholly owned subsidiary of Diebold Inc. ("Diebold").  Defendant denies that its principal place of business is at 5995 Mayfair Rd., North Canton, OH 44720.

9    9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and on that basis denies them.

11    10.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis denies them.

13    11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and on that basis denies them.

15    12.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on that basis denies them.

17    13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis denies them.

19    14.    Defendant admits the allegations of paragraph 14.

20    15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis denies them.

22    16.    In response to paragraph 16, Defendant admits that Diebold is a multinational corporation with revenues in the billions of dollars.  Defendant denies the remaining allegations of paragraph 16.

25    17.    Defendant admits the allegations of paragraph 17.

26    18.    In response to paragraph 18, Defendant admits that its customers purchase voting systems that consist of both hardware and software components.  Defendant denies the remaining allegations of paragraph 18.

1	19.	Defendant denies the allegations of paragraph 19.

2	20.	Defendant denies the allegations of paragraph 20.

3	21.	Defendant denies the allegations of paragraph 21.

4	22.	Defendant denies the allegations of paragraph 22.

5	23.	Defendant incorporates its responses to the allegations of paragraphs 1-22.

6	24.	Defendant is without knowledge or information sufficient to form a belief as to the
7	truth of the allegations of paragraph 24, and on that basis denies them.

8	25.	Defendant denies the allegations of paragraph 25.

9	26.	Defendant denies the allegations of paragraph 26.

10	27.	Defendant denies the allegations of paragraph 27.

11	28.	Defendant denies the allegations of paragraph 28.

12	29.	Defendant denies the allegations of paragraph 29.

13	30.	Defendant denies the allegations of paragraph 30.

14	31	Defendant denies the allegations of paragraph 31.

### **AFFIRMATIVE DEFENSES**

As and for affirmative defenses to the claims in Artifex Software Inc.'s Complaint, and based on the knowledge and information available to it to date, Defendant is informed and believes and based thereon alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1.	Any use of Ghostscript by Defendant was a lawful use pursuant to a license.

### SECOND AFFIRMATIVE DEFENSE

2.	Plaintiff's claims for copyright infringement are barred by the statute of limitations, 17 U.S.C. § 507(b).

### THIRD AFFIRMATIVE DEFENSE

3.	Plaintiff's claims for copyright infringement are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4.	Plaintiff's claims for copyright infringement are barred by the doctrine of waiver.

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil

Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in the case.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully prays that this Court:

A. Dismiss Plaintiff's Complaint and all claims and relief sought therein;

B. Deny Plaintiff's request for preliminary and permanent injunctive relief;

C. Grant Defendant its reasonable attorneys' fees and costs of this action; and

D. Grant Defendant such other and further relief as the Court deems just and proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury on all issues so triable.

Dated: January 30, 2009

Respectfully submitted,

Jones Day

By:  /S/ Gregory L. Lippetz
      Gregory L. Lippetz

Counsel for Defendants
DIEBOLD INC. and PREMIER ELECTION SOLUTIONS, INC.