1  Darin W. Snyder (SBN 136003) – dsnyder@omm.com
   Luann L. Simmons (SBN 203526) – lsimmons@omm.com
2  David S. Almeling (SBN 235449) – dalmeling@omm.com
   O'MELVENY & MYERS LLP
3  Two Embarcadero Center, 28th Floor
   San Francisco, CA 94111-3823
4  Telephone: 415-984-8700
   Facsimile: 415-984-8701
5
   Attorneys for Plaintiff
6  ARTIFEX SOFTWARE INC.

7

8                  **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10                 **SAN FRANCISCO DIVISION**

11

12 ARTIFEX SOFTWARE INC., a California          Case No. C 08-04837-SC
   corporation,
13                                             **PLAINTIFF ARTIFEX SOFTWARE**
                    Plaintiff,                 **INC.'S OPPOSITION TO DEFENDANT**
14                                             **DIEBOLD INC.'S FRCP 12(b)(6)**
           v.                                  **MOTION TO DISMISS PLAINTIFF'S**
15                                             **CLAIM AGAINST DIEBOLD INC.**
   DIEBOLD INC., an Ohio corporation,
16 PREMIER ELECTION SOLUTIONS, INC.,           Hearing Date:  March 6, 2009
   a Delaware corporation,                     Time:          10:00 a.m.
17                                             Courtroom:     1, 17th Floor
                    Defendants.                Judge:         Hon. Samuel Conti
18

19

20

21

22

23

24

25

26

27

28

1  **I.     INTRODUCTION**

2        Artifex Software Inc. ("Artifex") alleges that both Diebold Inc. ("Diebold") and Premier

3  Election Solutions, Inc. ("Premier") infringe Artifex's copyrighted works.  In the first sentence of

4  the Complaint, Artifex states that it will refer to Diebold and Premier collectively as

5  "Defendants."  (Docket No. 1 at 2:1-3.)  Throughout the rest of the Complaint, Artifex makes

6  some allegations against Diebold and some against Premier.  Artifex also makes many allegations

7  against "Defendants," thereby alleging that both Premier and Diebold engaged in the alleged acts.

8  These allegations are sufficient to survive Diebold's Motion to Dismiss ("Motion").

9        Diebold's Motion is based on two flawed arguments.  Contrary to Diebold's first

10  argument, Artifex sufficiently stated a claim for copyright infringement against Diebold because

11  Artifex alleged that it owns valid copyrights in the Ghostscript program and that "Defendants"

12  copied, modified, and distributed the protected elements of those copyrighted works.  The best

13  proof of the sufficiency of these allegations is that Premier does not argue they are insufficient;

14  instead, Premier filed an Answer.  Since these allegations are sufficient against Premier, these

15  same allegations are sufficient against Diebold.  To the extent that Diebold disputes that Artifex

16  can muster facts to support the truth of these allegations against Diebold specifically, Diebold

17  should move for summary judgment after the Parties have had discovery.  Second, Diebold's

18  argument that Artifex failed to plead the two elements of vicarious liability is inapposite because

19  Artifex is not, at this time, alleging a theory of vicarious liability.

20        This Court should deny Diebold's Motion because the Complaint states a valid claim

21  against Diebold.

22  **II.    ARTIFEX'S ALLEGATIONS AGAINST DIEBOLD**

23        Artifex sued both Diebold and Diebold's wholly owned subsidiary, Premier.  Premier was

24  once known as Diebold Election Systems, Inc.  (Docket No. 1 at ¶ 8.)

25        Artifex makes numerous factual allegations against both Defendants, including:  some of

26  Defendants' products include Ghostscript (*id.* at ¶¶ 18-19); Defendants integrate Ghostscript into

27  some products before those products are distributed to customers (*id.* at ¶ 20); Defendants

28  integrate Ghostscript into other products after those products are distributed to customers (*id.*);

1    Defendants have not been granted a license to any of Artifex's copyrighted works, including

2    Ghostscript.  (*Id.* at ¶¶ 21-22.)

3         Based on these allegations, Artifex asserted a claim of copyright infringement against both

4    Defendants.  Specifically, Artifex alleged:  Defendants have modified, copied, and distributed

5    Ghostscript, or derivative works thereof (*id.* at ¶ 25); Defendants intended to continue modifying,

6    copying, and distributing Artifex's copyrighted works without Artifex's authorization (*id.* at ¶

7    26); Defendants' infringement has contributed to their profits and is adversely affecting the

8    potential market for and value of Artifex's copyrighted works (*id.* at 27); and Defendants knew

9    that the software was subject to valid copyrights and that they were not authorized to copy or

10   distribute such copyrighted works.  (*Id.* at ¶ 28.)

11   **III.    THE COURT SHOULD DENY DIEBOLD'S MOTION**

12        In *Bell Atlantic Corp. v. Twombly*, the Supreme Court reaffirmed that the Federal Rules

13   require only "'a short and plain statement of the claim showing that the pleader is entitled to

14   relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon

15   which it rests.'"  127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

16   (1957)).  The *Twombly* Court continued that a complaint need contain "only enough facts to state

17   a claim to relief that is plausible on its face."  *Id.* at 1974.  Artifex's Complaint satisfies this

18   standard.

19        **A.    Artifex Sufficiently Alleged Copyright Infringement Against Diebold**

20        Artifex's Complaint satisfies the Federal Rules because it alleges that both Diebold and

21   Premier infringe Artifex's copyrighted works.  Specifically, Artifex alleges both elements of a

22   prima facie case of copyright infringement:  ownership of a valid copyright and violation of at

23   least one exclusive right granted to copyright holders under 17 U.S.C. § 106.  *Feist Publ'ns, Inc.*

24   *v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d

25   1004, 1013 (9th Cir. 2001).  First, Artifex alleges that it owns valid copyrights in Ghostscript.

26   (Docket No. 1 at ¶¶ 9-15, 24 and Exs. A, B.)  Second, Artifex alleges that Defendants modified,

27   copied, and distributed, without authorization, the copyrighted works or derivative works thereof.

28   (*Id.* at ¶¶ 18-22, 25-28.)  Premier, by answering instead of moving to dismiss, concedes that these

1 allegations are sufficient.  These allegations are similarly sufficient against Diebold.

2     Diebold's primary argument for dismissal is that "Plaintiff does not allege any facts that

3 *specifically* connect Diebold to these commercial voting systems or that otherwise *specify* by

4 what acts Defendant Diebold directly infringed the Ghostscript copyrights."  (Docket No. 20 at 9-

5 11 (emphasis added).)  Such specificity is not required.  This Action does not contain a claim for

6 fraud or any other theory that is subject to a heightened pleading standard.  Instead, "the court

7 must accept plaintiff's factual allegations as true," as the Federal Rules "require only general or

8 'notice' pleading, rather than detailed fact pleading."  James William Moore, *Moore's Federal*

9 *Practice* § 12.34[1][a] (3d ed. 2009).  The factual allegations here are that customers purchase

10 Defendants' (i.e., both Premier's and Diebold's) products, these products contain Ghostscript or

11 are later integrated with Ghostscript, and that neither Defendant (i.e., neither Premier nor

12 Diebold) has a license to Ghostscript.  (Docket No. 1 at ¶¶ 18-22, 25-28).  While Diebold may

13 dispute the truth of these allegations or its infringement of Artifex's copyrights, such a dispute is

14 not the proper subject of a Rule 12(b)(6) motion.  It should instead be addressed in a motion for

15 summary judgment after the parties conduct discovery to discern the extent of Diebold's

16 infringement.  This is especially true here, because most of the information is in Diebold's

17 possession.

18     Diebold's other argument, regarding the corporate relationship between Diebold and

19 Premier, is a red herring.  (Docket No. 30 at 3:16-28.)  Artifex does not allege that Diebold

20 infringes by mere dint of its corporate relationship with Premier.  Rather, Artifex alleges that

21 Defendants engaged in infringing acts, thereby alleging that both Premier and Diebold engaged in

22 infringing acts.

23     Importantly, Diebold did not attach any affidavits to its Motion.  Nor did Diebold request

24 that the Court take judicial notice of any fact or convert Diebold's Motion to Dismiss into a

25 motion for summary judgment.  Absent such requests, the law is clear that the Court cannot

26 consider materials outside the complaint:  "Unless the court converts the Rule 12(b)(6) motion

27 into a summary judgment motion[], or the defense is apparent from matters of which a court may

28 take judicial notice[], the court cannot consider materials outside of the complaint."  William W.

1   Schwarzer, et al., *Federal Civil Procedure Before Trial* §§ 9:211-9:212 (2008) (collecting cases).

2   Bound by allegations in the Complaint and the assumption that those allegations are true, Diebold

3   has failed to meet its burden of demonstrating that the Court should dismiss Artifex's claim.

### B.  Artifex Does Not Alleged A Theory Of Vicarious Liability

5   Artifex's second argument — the Court should dismiss Artifex's Claim because Artifex

6   failed to allege facts that satisfy the two elements of vicarious liability — fails because Artifex

7   does not allege a theory of vicarious liability.  To the extent that Artifex learns through discovery

8   that Diebold is vicariously liable for the acts of Premier, Artifex will move for leave to amend.

### C.  If The Court Grants Diebold's Motion, The Court Should Permit Artifex Leave To Amend

11   Rule 15(a) provides that leave to amend "should freely be given when justice so

12   requires." Fed. R. Civ. P. 15(a).  The Ninth Circuit applies the already liberal Rule 15(a) with

13   "extreme liberality" by examining five factors:  "undue delay, bad faith or dilatory motive on the

14   part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

15   undue prejudice to the opposing party by virtue of allowance of the amendment, [and the] futility

16   of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

17   (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

18   If the Court grants Diebold's Motion, the Court should also permit Artifex leave to

19   amend because Artifex satisfies each of the five factors.  First, Artifex has not unduly delayed in

20   requesting leave to amend.  Second, Diebold cannot carry its burden and show that Artifex

21   requests leave for a bad-faith or dilatory reason; rather, Artifex requests leave for the sole purpose

22   of adding to its allegations.  Third, the Court has never granted Artifex leave before.  Fourth,

23   Diebold will not be prejudiced, as this case is only in its early stages.  Fifth, amendment is not

24   futile, because there are additional facts regarding Diebold's infringements that Artifex can and

25   will allege.

## IV.  CONCLUSION

27   To the extent that Diebold's Motion asserts that Artifex has failed to allege infringement,

28   the Court should deny the Motion because the Complaint contains sufficient allegations against

4

1   both Diebold and Premier.  And to the extent that Diebold's Motion asserts that Artifex has failed

2   to allege vicarious infringement, the Court should deny the Motion because Artifex does not, at

3   the time, allege a theory of vicarious liability.  If, however, the Court grants Diebold's Motion,

4   Artifex requests leave to file a First Amended Complaint.

5

6   Dated:  February 13, 2009                          DARIN W. SNYDER
                                                       LUANN L. SIMMONS
7                                                      DAVID S. ALMELING
                                                       O'MELVENY & MYERS LLP
8

9
                                                       By:  /s/ David Almeling
10                                                          David S. Almeling
                                                       Attorneys for Plaintiff
11                                                     Artifex Software, Inc.

12   SF1:754532.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5                                OPP. TO DIEBOLD'S MOTION TO DISMISS
                                     CASE NO. C 08-04837