Tharan Gregory Lanier (SBN 138784)
Gregory L. Lippetz (SBN 154228)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:    650-739-3939
Facsimile:    650-739-3900
tglanier@jonesday.com
glippetz@jonesday.com
jfroyd@jonesday.com

Attorneys for Defendants
DIEBOLD INC. and PREMIER ELECTION
SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIFEX SOFTWARE INC., <br><br> Plaintiff, <br><br> v. <br><br> DIEBOLD INC., an Ohio corporation, and PREMIER ELECTION SOLUTIONS, INC., a Delaware corporation, <br><br> Defendants. | Case No. C 08-04837 SC <br><br> **REPLY IN SUPPORT OF DEFENDANT DIEBOLD INC.'S FRCP 12(B)(6) MOTION TO DISMISS PLAINTIFF'S CLAIM AGAINST DIEBOLD INC.** <br><br> Date: April 3, 2009 <br> Time: 10:00 a.m. <br> Courtroom: 1, 17th Floor <br> Judge: Hon. Samuel Conti |

**I.      INTRODUCTION**

This Court should dismiss Plaintiff's copyright claim against Defendant Diebold because Plaintiff fails to allege any facts connecting Diebold to the allegedly infringing conduct. A complaint must make minimum factual allegations demonstrating a plaintiff's grounds for relief, yet Artifex's Complaint does not assert *any* facts linking Diebold to the allegedly infringing products. Contrary to Plaintiff's arguments, using "Defendants" in the framing of its Complaint does not relieve it of its obligation to plead factual statements sufficient to allege infringement specifically by *Diebold*. Moreover, the only claims Plaintiff actually alleges against Diebold are

1 mere recitations of the rights and remedies under the copyright statute, rendering those claims
2 insufficient.

3 **II.   ARGUMENT**

4   **A.   Plaintiff Fails To State Any Fact Alleging Direct Infringement By Diebold.**

5 The law, which Plaintiff essentially ignores, requires a minimal level of factual allegations
6 against each defendant. In its Opposition, Plaintiff fails to address any of the cases Diebold cites
7 in its original motion, essentially conceding that such law controls. Plaintiff's only assertion of
8 legal authority is a citation to the general principles of notice pleading (D.I. 28 (Plaintiff's
9 Opposition to Defendant's Motion to Dismiss ("Opposition"), 4:6-9)) and a mischaracterization
10 of the pleading requirements set forth by the Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S.
11 544, 127 S. Ct. 1955 (2007) ("*Twombly*"). D.I. 28 (Opposition, 3:12-18). In *Twombly*, the
12 Supreme Court made clear that, in order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff
13 must assert "*factual* allegations" sufficient to "raise a right to relief above a speculative level."
14 *Id*. at 1965. The Court further stated that "a plaintiff's obligation to provide the 'grounds' of his
15 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the
16 elements of a cause of action will not do." *Id*. at 1964-65.

17 In analyzing the sufficiency of copyright infringement allegations, courts have
18 consistently required certain factually specific allegations. A copyright plaintiff must assert *facts*
19 showing: "(1) ownership of a valid copyright and (2) 'copying' of protectable expression *by the*
20 *defendant*." *Religious Tech. Ctr. v. Netcom On-Line Commun. Servs*., 907 F. Supp. 1361, 1366-
21 67 (N.D. Cal. 1995) (emphasis added) (citing *Baxter v. MCA, Inc*., 812 F.2d 421, 423 (9th Cir.),
22 cert. denied, 484 U.S. 954 (1987)). A copyright complaint must also assert facts suggesting "by
23 what acts and during what time the *defendant* has infringed the copyright." *Fonovisa, Inc. v.*
24 *Cherry Auction, Inc*., 847 F.Supp. 1492, 1495 (E.D. Cal. 1994) (emphasis added) (citing *Klinger*
25 *v. Weekly World News, Inc*., 747 F. Supp. 1477 (S.D. Fla. 1990)), *rev'd in part on other grounds,*
26 76 F.3d 259 (9th Cir. 1996). Thus, Artifex is required to make factual allegations of specific acts
27 by Diebold. Artifex has simply failed to do so.

28 Decisions by other district courts under similar circumstances demonstrate that dismissal

- 2 -   MOTION TO DISMISS
Case No. C 08-04837 SC

of Diebold is proper. In *Broadvision Inc. v. General Electric Co.*, No. 08 Civ.1489 (WHP), 2008 WL 4684114, at *2 (S.D.N.Y. Oct. 15, 2008), the district court dismissed copyright claims against a parent corporation because the complaint failed to allege *any acts* by which the parent *itself* directly infringed the plaintiff's copyright. Similarly, in *Pegasus Imaging Corp. v. Northrop Grumman Corp.*, No. 8:07-CV-1937-T-27EAJ, 2008 U.S. Dist. LEXIS 43495, at *5 (M.D. Fla. May 30, 2008), the district court dismissed claims against defendant parent corporation for infringement of the plaintiff's copyrighted document imaging software where the plaintiff had alleged no facts showing wrongful conduct on the part of the parent *distinct* from the subsidiary's conduct. The court rejected the plaintiff's argument that the use of the term "Defendants" sufficiently denoted that both the parent and the subsidiary "directly participated in, and are therefore both responsible for, the complained of actions," stating that the plaintiff's failure to plead "factual allegations *distinguishing the conduct of the two entities*, is inconsistent with the separate identities of corporate entities, including parent and subsidiary corporations." *Id*. (emphasis added).

As in these cases, Artifex wholly fails to distinguish Diebold's alleged conduct from Premier's alleged conduct, and fails to plead any acts by Diebold that could constitute infringement. The Complaint specifically alleges that "commercial voting systems" infringed Plaintiff's copyrights. D.I. 1 (Complaint ¶18-20). Yet the sole defendant actually alleged to have any connection to such "commercial voting systems" is Premier. D.I. 1 (Complaint ¶17). As to Diebold, the Complaint only alleges that it is a "multi-national corporation" (D.I. 1 (Complaint ¶16)) and is Premier's parent corporation. (D.I. 1 (Complaint ¶17)).[1] Neither allegation is sufficient to link Diebold to the allegedly infringing voting systems.

Plaintiff tries to mask its deficiencies in its Opposition. First, instead of describing the accused products as Premier's "commercial voting systems," as it did in the Complaint (D.I. 1 (Complaint ¶18-20, 25)), Plaintiff calls the accused voting systems the Defendants' "products" in

---

[1] Both facts might have been relevant to an indirect copyright infringement analysis, but Plaintiff has conceded that it will not pursue an indirect infringement theory. D.I. 28 (Opposition, 5:5-8) The facts of Diebold's corporate nature and structure are irrelevant to any analysis of whether Diebold directly engaged in any infringing actions.

an attempt to disguise the issue. D.I. 28 (Opposition, 2:26-28). The only defendant linked to the allegedly infringing "commercial voting systems" is Premier. Second, Plaintiff's focus on the Complaint's use of the plural noun "Defendants" cannot rescue its inadequate factual pleading. As stated by the court in the *Pegasus* case, Artifex must make specific factual allegations "*distinguishing the conduct of the two entities*" in order to survive a motion to dismiss. *Pegasus*, 2008 U.S. Dist. LEXIS 43495 at *5 (emphasis added).

Further, the fact that Premier answered the Complaint does nothing to prove the sufficiency of the allegations against a different defendant, Diebold. Contrary to Plaintiff's simplistic contention, its Complaint actually contains different alleged facts with respect to each defendant. Artifex specifically pleads that Premier "is the manufacturer" of the very voting machines it later accuses of infringement. D.I. 1 (Complaint ¶17). Such a factual assertion in tandem with Plaintiff's other allegations may constitute the bare minimum of factual support to sustain a copyright claim against *Premier*, however, Plaintiff fails to plead similar factual claims regarding *Diebold*. The sufficiency of Artifex's Complaint must be determined by separately examining the factual allegations pled against *each* defendant.

Finally, Plaintiff's argument that it has recited the statutory elements of copyright infringement against both "Defendants" is unpersuasive. The Supreme Court cautioned in *Twombly* that "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1974. These "joint" allegations, on which Plaintiff hangs the bulk of its arguments (D.I. 28 (Opposition, 3:3-10)), are merely that – recitations of the rights and remedies under the copyright statute. D.I. 1 (Complaint ¶¶25, 26, 27, 28).[2] Such boilerplate allegations are insufficient. *See, e.g.*, *Interscope Records v. Rodriguez*, No. 06cv2485-B (NLS), 2007 U.S. Dist. LEXIS 60903, *3-4 (S.D. Cal. Aug. 17, 2007) (applying the holding in *Twombly* and dismissing a copyright complaint because it was "simply a boilerplate listing of the elements of copyright

---

[2] Plaintiff's allegations of infringing actions by "Defendants" include bald assertions that: "Defendants modified, copied, and distributed Ghostscript, or a derivative work thereof"; "Defendants intend to continue modifying, copying and distributing" Ghostscript; and such infringement has "affected the potential market" for Ghostscript, and such infringement was "willful." D.I. 1 (Complaint ¶¶ 25, 26, 27, 28). No other facts are alleged in these claims apart from these conclusory allegations that Defendants infringed Plaintiff's copyrights.

infringement without any facts pertaining specifically to the instant Defendant"); *New Name, Inc. v. Walt Disney Co.*, No. CV07-5034PA, 2007 U.S. Dist. LEXIS 97855, *6-7 (C.D. Cal. Dec. 3, 2007) (applying *Twombly* and dismissing a "formulaic" allegation that "merely mirrors the exclusive rights in copyrighted works set forth in the Copyright Act").

Plaintiff has demonstrated that it simply does not have the facts required by Rule 11 to allege a claim against Diebold. The sole "fact" that forms the basis for Plaintiff's entire claim against Diebold is that Diebold is Premier's parent. For the reasons stated above, bald assertions of liability against a parent corporation are insufficient to satisfy the pleading requirements set forth in the Federal Rules.

### B. Plaintiff's Request For Leave To Amend Should Be Denied.

Plaintiff fails to demonstrate that it has the factual basis under Rule 11 to cure its pleading deficiencies against Diebold. "[A] bare request [for leave to amend] in an opposition to a motion to dismiss -- without any indication of the particular grounds on which the amendment is sought -- does not constitute a motion within the contemplation of Rule 15(a)," and such requests should be denied. *U.S. Care, Inc. v. Pioneer Life Ins. Co.*, 244 F. Supp. 2d 1057, 1065 (C.D. Cal. 2002) (*citing Confederate Mem. Ass'n, Inc. v. Hines*, 995 F.3d 295, 299 (D.C. Cir. 1993)). Plaintiff makes a "bare request" in its Opposition, asserting in a conclusory fashion that "there are additional facts regarding Diebold's infringements." D.I. 28 (Opposition, 5:24). Artifex goes on to assert that it "can and will" allege these unidentified "additional facts," (D..I. 28 (Opposition, 5:24-25)) but such an assertion is equally conclusory and equally insufficient. Plaintiff's single-sentence claim to have additional facts fails to give any indication what those facts are. Thus, Plaintiff's request fails to provide any real evidence that it can allege additional facts which support a claim for copyright infringement against Diebold. If Artifex had such facts, why didn't it set forth those facts – either in its Complaint or in its Opposition to this motion? Having failed to do so, the only logical conclusion is that Plaintiff is actually *unable* to provide any additional facts linking Diebold to any acts of infringement.

### III. CONCLUSION

Plaintiff's Complaint is completely devoid of any facts that tie Diebold to any potentially infringing acts. The law requires that Artifex plead some *facts* demonstrating infringing actions by Diebold before Diebold can be hailed into court for any alleged wrongdoing. Accordingly, because Plaintiff fails to allege such facts against Diebold, its claim against Diebold must be dismissed.

Dated: February 20, 2009

Respectfully submitted,

JONES DAY

By: /S/ Gregory L. Lippetz
     Gregory L. Lippetz

Counsel for Defendants
DIEBOLD INC. and PREMIER ELECTION SOLUTIONS, INC.